It eliminates from cases of this kind the question of mere negligence, and puts on the employer, and not on the employé, the risk of defective scaffolding or staging. See, also, Huston v. Dobson, 138 App. Div. 810, 123 N. Y. Supp. 892.

. For these reasons, the motion for a new trial must be denied. So ordered.

---

### TJADEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 16, 1911.)

STREET RAILROADS (§ 100*)—OPERATION—CONTRIBUTORY NEGLIGENCE.

    Plaintiff, about 10 years of age and accustomed to cross trolley tracks, who, seeing a car coming very fast, stepped upon the track immediately in front of it, was guilty of contributory negligence.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 217, 218; Dec. Dig. § 100.*]

    Woodward, J., dissenting.

Appeal from Kings County Court.

Action by Ruth Tjaden, an infant, by Sara Tjaden, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff for $376.60, and from an order denying a motion for a new trial, made upon the minutes, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, and WOODWARD, JJ.

D. A. Marsh, for appellant.
Burt L. Rich, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a verdict for $250 for injuries received in being picked up by the fender of one of defendant's trolley cars on Flatbush avenue, while she was attempting to cross the avenue at a point nearly opposite Lenox Road. Lenox Road extends to Flatbush avenue from the east, but does not cross it, and the principal point urged by the appellant is that there was a failure to show freedom from contributory negligence.

The appellant's claim seems to be quite undisputable. The evidence leaves no room for doubt that the plaintiff saw the car which injured her. She saw that it was coming very fast, although the motorman made an ineffective attempt to check the speed, and she stepped upon the track directly in front of the car as it was coming along, and but a moment before it struck her. She was about three months less than ten years of age at the time, and accustomed to cross the trolley tracks. She testified that when she left the curb she looked both ways, saw no car on the nearest track, the one leading to New York, but did see the car which struck her, and which was on the second track, going toward Bergen Beach. At that time it was a little above the middle of the block. She saw it a second time just as she was about to go upon the second track, and she proceeded onward without looking

again. The precise language of her testimony upon the subject is. as follows:

"Q. Did you see it a second time? A. Well, I saw it about 10 feet from where I was standing, from where I was walking; then I proceeded; before I knew it, it was upon me. When I saw the car 10 feet from where I was, I was on the second track. When I saw the car on me, I went on; the first thing I knew it took me up. I was about right near the last track, the last rail, when it picked me up. * * * When I looked the second time, I was between the second rail of the first track, just near the second rail. * * * At that time I say the car was 10 feet away, and I kept right on walking, and the car was coming fast; yes sir. Q. Or was it coming fast? A. Well, it tried to slacken up. I walked right on; I was not looking then: I walked right on. That is, when I was on the second rail of the track that goes to New York, I saw the car 10 feet away, and I did not look again, and kept right on walking. That is what I mean to say. That is exactly as I mean it."

Her evidence is corroborated by two witnesses who testified in her behalf, one as follows:

"Q. You say she was 3 feet away from the track when the car was 15 feet away, running 20 miles an hour? A. Yes, sir; she did not stand there, 3 feet away. She continued walking on, and the car kept coming on. Q. Now, when she reached the track, the first rail of the track, that the car was on, where was the car? A. I don't know what to say in that case. It is so close I don't think anybody could really state. Why, the car was a foot away, I suppose, it hit her at the time."

The other witness testified as follows:

"I mean, when she went on the track that she was struck on, the car was probably 3 or 4 feet away. The car was coming pretty quick. It was coming, I should judge, about 15 or 20 miles an hour."

It needs no citation of authority to establish the proposition that absence of contributory negligence is not proven, where the plaintiff, seeing a car coming very fast, steps upon the track immediately in front of it as it comes along. No clearer case of contributory negligence could be made out, and it follows that the judgment and order must be reversed.

Judgment and order of the County Court of Kings county reversed, and new trial ordered, costs to abide the event.

JENKS, P. J., and BURR, J., concur. WOODWARD, J., dissents. RICH, J., taking no part.